**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MAURICE GAY, | : |
| Plaintiff, | : Civil Action No. 10-6354 (MLC) |
| v. | : **O P I N I O N** |
| S.I.D. STEVENS, et al., | : |
| Defendants. | : |

**COOPER, District Judge**

Plaintiff, Maurice Gay, a prisoner confined at New Jersey State Prison in Trenton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.  The Court will review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

**I.  BACKGROUND**

The following factual allegations are from the Complaint and accepted as true for purposes of this review.  Plaintiff alleges that S.I.D. Officer Stevens "set him up."  He alleges that Sgt.

Newsom then sprayed Plaintiff in the eyes with pepper spray; that D. Smith roughed him up and hit him in the eye; that Correctional Officer Lashley pushed his thumb into Plaintiff's eye.  Plaintiff alleges that he was taken to the medical department where Nurse Craig "got an earful" and was slow in treating Plaintiff's injuries.  Plaintiff alleges that Nurse Craig neither treated all of his medical problems nor reported their seriousness.[1]

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, claims asserted by prisoners that are frivolous, are malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A; 42 U.S.C. § 1997e.  In determining the sufficiency of a pro se complaint, the Court must construe it liberally in the plaintiff's favor.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  But any complaint must still comply with the pleading requirements of the Federal Rules of Civil Procedure.

---

[1] "McEady" is named as a defendant.  The Complaint alleges no facts about McEady.  The Complaint insofar as it may be construed to assert claims against McEady will be dismissed.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief". A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 . . . (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level[.]

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

The Supreme Court has demonstrated the application of these general standards to a Sherman Act conspiracy claim.

> In applying these general standards to a § 1 [conspiracy] claim, we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." ... It makes sense to say, therefore, that an allegation of

> parallel conduct and a bare assertion of conspiracy will not suffice.  Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.  Hence, when allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.
>
> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief."  A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a § 1 claim; without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory.

Twombly, 550 U.S. at 556-57 (citations and footnotes omitted).

The Twombly pleading standard applies in the context of a § 1983 civil rights action.  See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

> Context matters in notice pleading.  Fair notice under Rule 8(a)(2) depends on the type of case -- some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Indeed, taking Twombly and the Court's contemporaneous opinion in Erickson v. Pardus, 127 S.Ct. 2197 (2007), together, we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.  Put another way, in light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief.  We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she

provide not only "fair notice," but also the "grounds" on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

When assessing the sufficiency of any civil complaint, a court must distinguish factual contentions — which allege conduct on the part of a defendant that, if true, would satisfy one or more elements of the claim asserted — from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Although the Court must assume the veracity of the facts asserted in a complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

5

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

Rule 10(b) of the Federal Rules of Civil Procedure provides:

A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  ...  If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense.

Rule 18(a) controls the joinder of claims.  In general, "[a] party asserting a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party."

Rule 20(a)(2) controls the permissive joinder of defendants in civil actions.

Persons ... may be joined in one action as defendants if:
    (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u>
    (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added).

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy.  Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002).  But the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit.  See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997).

6

### III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

A § 1983 action brought against a person in his or her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978). "[I]n an official-capacity action, ... a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." Kentucky v. Graham, 473 U.S. 159, 166 (1985) (internal quotation marks and citations omitted).

### IV. ANALYSIS

**A.    The Excessive Force Claim**

Plaintiff alleges that S.I.D. Officer Stevens "set him up", that Sgt. Newsom sprayed him in the eye with pepper spray, that D. Smith hit Plaintiff in the eye, and that Correctional Officer

Lashley pushed his thumb in the same eye that Sgt. Newsom had sprayed pepper spray into.

The Eighth Amendment prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. <u>Rhodes v. Chapman</u>, 452 U.S. 337, 344-46 (1981). An Eighth Amendment claim includes both an objective component, whether the deprivation of a basic human need is sufficiently serious, and a subjective component, whether the officials acted with a sufficiently culpable state of mind. <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). The objective component is contextual and responsive to "contemporary standards of decency." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992). The subjective component follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (citations and quotations omitted). What is necessary to establish an unnecessary and wanton infliction of pain varies also according to the nature of the alleged constitutional violation. <u>Hudson</u>, 503 U.S. at 5.

Where the claim is one of excessive use of force, the core inquiry as to the subjective component is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm". <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986) (citation omitted). "When prison officials maliciously and sadistically

use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9.  In such cases, a prisoner may prevail on an Eighth Amendment claim even in the absence of a serious injury, the objective component, so long as there is some pain or injury and something more than de minimis force is used. Id. at 9-10 (finding that blows which caused bruises, swelling, loosened teeth, and cracked dental plate were not de minimis for Eighth Amendment purposes).

To determine whether force was used in "good faith" or "maliciously and sadistically," there are several factors:

> (1) "the need of the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of injury inflicted"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them"; and (5) "any efforts made to temper the severity of a forceful response."

Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Whitley, 475 U.S. at 321).  Thus, not all use of force is "excessive," the level of a constitutional violation.

A "corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so.  Furthermore, ... a corrections officer can not escape liability by relying upon his inferior or non-supervisory rank vis-a-vis the other officers." Smith v. Mensinger, 293 F.3d 641, 640 (3d Cir. 2002).

9

Plaintiff here has failed to allege facts sufficient to demonstrate that S.I.D. Officer Stevens applied "force" to Plaintiff at all. The characterization of S.I.D. Officer Stevens's conduct as "setting up" Plaintiff is too vague to give Stevens notice of what he is alleged to have done, or to permit this Court to determine whether Plaintiff can state a claim against Stevens.

While Plaintiff has alleged that three other officers applied force, he has failed to allege <u>any</u> facts that would demonstrate that the force was excessive under the circumstances or that the force was applied maliciously and sadistically, as opposed to in a good faith effort to restore order. The mere assertion that force was used against a prisoner is not sufficient to state a claim for an Eighth Amendment violation.

**B.   The Medical-Care Claim**

Plaintiff also alleges that Nurse Craig "got an earful" from the officers who took him to the medical department, was slow to deliver treatment, and failed to report the seriousness of his injuries.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-04 (1976). To set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a

10

serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Id. at 106.

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that the medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson, 503 U.S. at 9. Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for medical attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. Monmouth Cnty. Corr. Inst'l Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to a serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer, 511 U.S. at 837-38. Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews v. Camden County, 95 F.Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F.Supp. 137, 145 (D. Md.

11

1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment.  Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made."  Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (quotation and citation omitted).  Even if the decision on the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation.  Estelle, 429 U.S. at 105-06; White, 897 F.2d at 110.

"Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest.  Similarly, where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care,' the deliberate indifference standard has been met.  ...  Finally, deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of

evaluating the need for such treatment." Lanzaro, 834 F.2d at 346 (citations omitted).  Short of an absolute denial, if necessary medical treatment is delayed for non-medical reasons, a case of deliberate indifference has been made out.  See id. "Deliberate indifference is also evident where prison officials erect arbitrary and burdensome procedures that 'result[] in interminable delays and outright denials of medical care to suffering inmates.'"  Id. at 347 (citation omitted).

    Plaintiff here has failed to allege facts demonstrating either deliberate indifference or a serious medical need.  The mere happenstance that the nurse listened to the officers transporting Plaintiff to the medical department before treating him does not demonstrate deliberate indifference.  Moreover, while the pepper spray and the thumb in his eye were no doubt painful at the time, Plaintiff has alleged no facts suggesting an ongoing injury.  Nor does he explain what treatment he thinks should have been given or how the failure to provide that treatment led to ongoing injury or pain.  Instead, it appears that he merely has a difference of opinion about what treatment he should have received; such a difference of opinion does not rise to the level of an Eighth Amendment violation.

    Plaintiff's allegations about his injuries and medical treatment do not state a claim.

## V.  CONCLUSION

The Complaint will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  The Court will issue an appropriate order and judgment.

                                                 s/ Mary L. Cooper  
                                                 **MARY L. COOPER**  
                                                 United States District Judge

Dated:  November 2, 2011